UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION



FILED
APR 26 2017
CLERK

| | |
|---|---|
| KENNETH ALLAN FOX,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF SOUTH DAKOTA, CHIEF WARDEN DOOLEY/STATE PENITENTIARY, JUDICIARY OF SOUTH DAKOTA SYSTEM, CO NYREEN, STATE ASST ATTY GENERAL KEMPEMA, ATTY GENERAL M. JACKLEY, TREASURER, P. KINSMAN, ASSOCIATE WARDEN ALLCOCK, CHIEF JUSTICE GILBERTSON, ATTORNEY JAMIE DAMON, AGENT BUSHKO,<br><br>Defendants. | 3:17-CV-03008-RAL<br><br>ORDER GRANTING MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF FEES, DENYING MOTION TO APPOINT COUNSEL, AND DISMISSING COMPLAINT |

Plaintiff Kenneth Allan Fox ("Fox") filed this lawsuit pursuant to 42 U.S.C. § 1983. Doc. 1. Fox is an inmate at the South Dakota State Penitentiary in Sioux Falls. This court has screened his complaint pursuant to 28 U.S.C. § 1915A. For the following reasons, the court grants Fox's motion for leave to proceed without prepayment of fees, denies his motion to appoint counsel, and dismisses his complaint.

I. **PROCEDURAL BACKGROUND**

Fox filed this complaint on April 10, 2017. Doc. 1. He alleges that certain defendants violated his rights after he brought a habeas petition in state court.

*Id.* at 6. He also alleges that defendants at SDSP violated his rights by refusing to send his legal mail to the court. *Id.* at 5-6. Along with his complaint, Fox moves for leave to proceed without prepayment of fees, Doc. 4, and moves the court to appoint counsel. Doc. 5.

## II. LEGAL STANDARD

At this stage of the case, this Court must accept the well-pleaded allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *Schriener v. Quicken Loans, Inc.*, 774 F.3d 442, 444 (8th Cir. 2014). Civil rights and pro se complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985); *Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013). Civil rights complaints cannot be merely conclusory. *Davis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993); *Parker v. Porter*, 221 F. App'x 481, 482 (8th Cir. 2007).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "If a plaintiff cannot make the requisite showing, dismissal is appropriate." *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985).

Under 28 U.S.C. § 1915A, this Court must screen prisoner claims filed in forma pauperis and determine whether they are (1) "frivolous, malicious, or

2

fail[] to state a claim on which relief may be granted; or (2) seek[] monetary relief from a defendant who is immune from such relief." *See also Onstad v. Wilkinson*, 534 F. App'x 581, 582 (8th Cir. 2013).

### III. DISCUSSION

#### A. Motion to Proceed Without Prepayment of Fees

Under the Prison Litigation Reform Act (PLRA), a prisoner who "brings a civil action or files an appeal in forma pauperis . . . shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). The court may, however, accept partial payment of the initial filing fee where appropriate. Therefore, " '[w]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceedings or over a period of time under an installment plan.' " *Henderson v. Norris*, 129 F.3d 481, 483 (8th Cir. 1997) (quoting *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997)).

The initial partial filing fee that accompanies an installment plan is calculated according to 28 U.S.C. § 1915(b)(1), which requires a payment of 20 percent of the greater of:

> (A) the average monthly deposits to the prisoner's account; or
>
> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

Fox's most recent prison trust account report did not contain any financial information, but he also provided a report from September of 2016 that shows a balance of *negative* $946.63. Doc. 3 at 3. Under 1915(b)(4), "In no event shall a prisoner be prohibited from bringing a civil action or appealing a civil

3

or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." Therefore, the court grants Fox leave to proceed without prepayment of fees and waives the initial partial filing fee.

Even though the court has waived the initial partial fee, Fox must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the court as follows:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). Therefore, the installments will be collected pursuant to this procedure.

The clerk of the court will send a copy of this order to the appropriate financial official at Fox's institution. Fox will remain responsible for the entire filing fee, as long as he is a prisoner, even though the case is dismissed. *See In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997).

## B. Screening Under § 1915A

### 1. Legal Mail

Fox claims that defendants violated his constitutional rights by refusing to send his legal mail to the court. Doc. 5-6. He alleges that defendants told him that he did not have any money in his account and used the $10 per

4

month the prison gives or loans the prisoners for legal mail. *Id.* He alleges that his habeas petition and another motion were dismissed because he could not send his legal mail. *Id.*

"The Constitution does not prohibit charging prisoners for essential prison services, at least in the absence of a showing that the result is a severe deprivation of a fundamental right." *Holloway v. Magness*, 666 F.3d 1076, 1080 (8th Cir. 2012). In *Blaise v. Fenn*, 48 F.3d 337 (8th Cir. 1995), the Eighth Circuit Court of Appeals upheld a similar legal mail policy. There, the prison gave prisoners a monthly allowance of $7.70 to spend on all of their needs, including postage for legal mail. *Id.* at 338.

The court of appeals cited *Bounds v. Smith*, 430 U.S. 817, 824–25 (1977), as stating that "indigent inmates must be provided at state expense with paper and pen to draft legal documents, with notarial services to authenticate them, and with stamps to mail them[,]" but also noted that *Bounds* did not require that prisons provide unlimited free postage. *Blaise*, 48 F.3d at 339. The court of appeals analyzed the allowance of $7.70 under *Turner v. Safley*, 482 U.S. 78, 89 (1987), and found it constitutional. *Blaise*, 48 F.3d at 339; *see also Cody v. Slykhuis*, No. CIV. 04-4169, 2006 WL 759683 (D.S.D. Mar. 23, 2006), aff'd, 240 F. App'x 160 (8th Cir. 2007) (finding that, under the analysis in Blaise, SDSP's policy of limiting inmate photocopies to $10 per month was constitutional). Therefore, Fox fails to state a claim of denial of access to the courts, and his claim is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

## 2. Erroneous Rulings Concerning Habeas Petition

Fox claims that his rights were violated in the state court because his habeas petition and other motions were denied. Doc. 1 at 5. He alleges that Judge Barnett made erroneous rulings. *Id.* Fox fails to state a claim concerning his habeas petition.

First, Fox's claims against judicial defendants are dismissed. Judges are immune from suit, including § 1983 suits, with two narrow exceptions. "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012) (quoting *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991)). The only specific judicial actions that Fox alleges concern the denial of his motion and petition, which are actions taken in a judicial capacity. Therefore, Fox fails to state a claim on which relief may be granted against all of the defendant judges, and his claim is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

Fox also fails to state a claim against the non-judicial defendants because his claims are barred by *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Under *Heck*, "When 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence ... ' § 1983 is not an available remedy." *Skinner v. Switzer*, 562 U.S. 521, 533 (2011) (quoting Heck, 512 U.S. at 487). Fox seeks the invalidation of his sentence. Doc. 1 at 5, 6. Also, if he only sought the reversal of the denial of his habeas petition, an appeal rather

than a complaint under § 1983 would be the proper vehicle. It appears from the complaint that Fox unsuccessfully appealed the dismissal of his habeas petition. Therefore, Fox fails to state a claim on which relief may be granted, and his claim is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

### 3. Remaining Complaints

The remainder of Fox's complaint raises a number of claims but does not explain them fully. These claims are either unclear or conclusory. Conclusory allegations are not sufficient to state a claim under § 1983. *Hannah v. Schriro*, 242 F.3d 374 (8th Cir. 2000) (citing *Springdale Educ. Ass'n v. Springdale Sch. Dist.*, 133 F.3d 649 (8th Cir. 1998)). Fox also refers the court to the attachments to his complaint for further explanation of his claims, but the attachments are documents that do not clearly raise claims or explain the claims he raises in his complaint. A liberal construction of a pro se civil rights pleading does not require the court "to divine the litigant's intent and create claims that are not clearly raised." *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 840 (8th Cir. 2004). Therefore, Fox fails to state a claim on which relief may be granted, and any claim he seeks to raise other than those discussed above are dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

## IV. ORDER

Accordingly, it is ORDERED

1. Fox's motion for leave to proceed without prepayment of fees (Doc. 4) is granted.

2. Fox's institution will collect the monthly payments in the manner set forth in 28 U.S.C. § 1915(b)(2), quoted above, and will forward those installments to the court until the $350 filing fee is paid in full.

3. The clerk of the court is directed to send a copy of this order to the appropriate official at Fox's institution.

4. Fox's complaint is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

5. Fox's motion to appoint counsel (Doc. 5) is denied as moot.

Dated April 26, 2017.

BY THE COURT:

_____
ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE