UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION

| | |
|---|---|
| KENNETH ALLAN FOX,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF SOUTH DAKOTA, CHIEF WARDEN DOOLEY, CHIEF WARDEN AT SOUTH DAKOTA STATE PENITENTIARY, OFFICIAL CAPACITY; STATE PENITENTIARY, JUDICIARY OF SOUTH DAKOTA SYSTEM, ASSOCIATE WARDEN ALLCOCK, ASSOCIATE WARDEN AT SIOUX FALLS PENITENTIARY, OFFICIAL CAPACITY; CHIEF GILBERTSON, JUSTICE CHIEF AT STATE SUPREME COURT, INDIVIDUALLY AND OFFICIAL CAPACITY; CO NYREEN, CORRECTION OFFICER AT JAMESON ANNEX PRISON, INDIVIDUALLY AND OFFICIAL CAPACITY; MARTY JACKLEY, ATTORNEY GENERAL AT STATE OF SOUTH DAKOTA, OFFICIAL CAPACITY; POKE KINSMAN, STATE TREASURER AT STATE OF SOUTH DAKOTA, OFFICIAL CAPACITY; BRENT KEMPEMA, ASSISTANT STATE ATTYY GENERAL AT STATE OF SOUTH DAKOTA ATTORNEY GENERAL OFFICE, OFFICIAL CAPACITY; JAMIE DAMON, ATTORNEY, SELF-EMPLOYED STATE LICENSED ATTORNEY AT PIERRE, SD PRIVATE PRACTICE, INDIVIDUAL AND OFFICIAL CAPACITY; AND AGENT BUSHKO, ARRESTING &AMP; INTERROGATING AGENT AT UNKNOWN GOVERNMENT AGENCY, INDIVIDUAL AND OFFICIAL CAPACITY;<br><br>Defendants. | 3:17-CV-03008-RAL<br><br><br>OPINION AND ORDER DENYING MOTION TO EXPAND RECORD |

Petitioner Kenneth Allan Fox (Fox) brought this § 1983 case to assert that certain defendants violated his rights in connection with a habeas petition in state court. Doc. 1. This Court entered Judgment of Dismissal in this case back on April 26, 2017. Doc. 9. The United States Court of Appeals for the Eighth Circuit affirmed on February 7, 2018, finding that the dismissal was without prejudice to any claim Fox might have against the named defendants. Doc. 28. On August 16, 2018, Fox filed in this Court a Motion to Expand the Record. Doc. 32. For the reasons stated below, Fox's motion is denied.

I. **Relevant Facts to this Motion**

On April 10, 2017, Fox brought this action pursuant to 42 U.S.C. § 1983, alleging that certain defendants refused to mail his legal papers because he lacked money in his prison account and that the state judge made erroneous rulings in his state habeas case. Doc. 1. On April 26, 2017, this Court ordered Fox's action dismissed for failure to state a claim upon which relief may be granted. Doc. 8. Judgment of Dismissal was entered on April 26, 2017. Doc. 9. On April 28, 2017, Fox filed a "clerical correction adjustment." Doc. 10. On May 8, 2017, Fox filed a pleading and attachments whereby he seemed to be requesting reconsideration of the Court's ruling. See Doc. 11. This Court reviewed Fox's post-dismissal filings and found that none of those justified reconsideration or alteration of this Court's Order and Judgment of Dismissal. See Docs. 8–9. Therefore, this Court denied Fox's post-judgment motion. Doc. 12.

On August 4, 2017, Fox appealed the orders dismissing his action and denying his post-dismissal motion. Doc. 26. In affirming, the United States Court of Appeals for the Eighth Circuit reasoned that "[a]lthough the court expresses no view on whether any claim is timely or has merit[,] the district court dismissal is without prejudice on any claim against defendants Chief Warden Dooley, Associate Warden Allcock, and C.O. Nyreen that is related to court access." Doc. 28 at 1. The Eighth Circuit affirmed this Court as modified. Doc. 28 at 2. On May 14, 2018, the Eighth Circuit denied

Fox's petition for rehearing. Doc. 29. Fox did not petition for a writ of certiorari to the United States Supreme Court, so the Judgement of Dismissal, as modified, is final.

In his Motion to Expand the Record filed August 16, 2018, Fox seeks to expand the record to include all of his filings in this case. Doc. 32. Of course, all of his filings in this case already are part of the court record. Fox's goal appears to be to have the order dismissing the case without prejudice "vacated or reversed" so he can be given the opportunity to be heard anew. Doc. 33 at 4. Fox's motion also asks this Court for guidance on how to proceed, Doc. 32, and his memorandum seeks to have Chief Judge Jeffrey Viken assume responsibility for the case, Doc. 33.

## II. Analysis

This Court dismissed the complaint, Doc. 9, and the Eighth Circuit affirmed, viewing the dismissal as being without prejudice to filing a new complaint. Doc. 28 at 2. If Fox believes this Court and the Eighth Circuit erred, Fox could have filed a petition for certiorari in the United States Supreme Court. Fox did not do so. Fox does not have a right to appeal to Chief Judge Viken. If Fox wishes to bring a new civil rights action under § 1983, he may do so by filing a new complaint. See Offbeat, Inc. v. Cager, No. CIV. A. 94-2796, 1995 WL 214479, at *1 (E.D. La. Apr. 11, 1995) ("[A]n Order dismissing a case without prejudice does not allow the dismissed party simply to amend the complaint at any later date in order to correct the deficiencies; rather, the party must refile the case, pay a new filing fee, and file a new complaint.").

Under certain circumstances, relief from a final judgment may be possible under Federal Rule of Civil Procedure 60(b). Under Rule 60(b), a court may relieve a party from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). However, "[a] motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c); see also Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."); Dorn v. State Bank of Stella, 767 F.2d 442, 443 (8th Cir. 1985) (holding that the district court did not err in denying plaintiff's motion for leave to file an amended complaint three months after final judgment).

Here, Fox argues that this Court should consider "the entire amount of letters and submissions to [the] district court" and vacate its previous dismissal. Doc. 32 at 1. The only applicable rule that could be argued that applies is Rule 60(b)(6), where a party can seek relief for "any other reason that justifies relief" within a reasonable time of the final judgment. Fed. R. Civ. P. 60(b)(6), (c). Under Rule 60(b)(6), relief is only available "where exceptional circumstances have denied the moving party a full and fair opportunity to litigate his claim and have prevented the moving party from receiving adequate redress." Harley v. Zoesch, 413 F.3d 866, 871 (8th Cir. 2005). This motion comes over one year after the entry of judgment by this Court, Doc. 9, and six months after entry of judgment by the circuit court, Doc. 28. The issues raised in this motion existed at the time of judgment and were already subject to review on direct appeal. Fox has not offered a reason to justify his delayed filing or presented exceptional circumstances which make relief under Rule 60(b)(6) appropriate. See Doc. 33.

Fox also moves this Court to expand the record to include letters and other submissions made in this case. Doc. 32 at 1. Fox has filed various letters on Case Management/Electronic Case Files (CM/ECF). By filing these documents, the filings are already in the record, so his motion is moot. Therefore, it is

ORDERED that Fox's Motion to Expand the Record, Doc. 32, is denied. It is further

4

ORDERED that the Clerk of Court mail a copy of this order to Fox together with the form for filing a new 42 U.S.C. § 1983 complaint if that is how he wishes to proceed.

DATED this 31st day of August, 2018.

BY THE COURT:

/s/ Roberto A. Lange
ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE